# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GERALD KUFRVOICH,** | CIVIL ACTION NO. 3:19-1057 |
| **Appellant** | (JUDGE MANNION) |
| v. | |
| **CHARLES J. DEHART, III,** | |
| **Appellee** | |
| v. | |
| **GOSHEN MORTGAGE LLC** as Separate Trustee for GBDT I Trust 2011-1, | |
| **Intervenor-Appellee** | |

## MEMORANDUM

Pending before the court in this case in which *pro se* appellant Gerald Kufrvoich ("appellant"), appeals the Orders of the Bankruptcy Court dismissing his Chapter 13 Bankruptcy Case and denying his motion to reinstate his case is an unopposed Motion to Intervene submitted by Goshen Mortgage LLC as Separate Trustee for GBDT I Trust 2011-1 ("Intervenor") pursuant to [Fed.R.Civ.P. 24](). (Doc. 5). For the reasons that follow, the court will **GRANT** the motion.

## I.  Relevant Background

On August 7, 2018, appellant filed a Chapter 13 Bankruptcy Petition which was docketed to case number 18-bk-3317, M.D.Pa.

Charles J. DeHart, III, ("appellee"), was named the Chapter 13 Standing Trustee in appellant's case.

Intervenor holds the first mortgage lien on appellant's real property located at 31 Hilltop Road, Barnesville, Pennsylvania.

On February 7, 2019, appellee filed a motion to dismiss appellant's Chapter 13 Case due to appellant's failure to make Chapter 13 Plan Payments towards his Reorganization Plan.

On February 15, 2019, intervenor filed a motion for relief from the automatic stay pursuant to 11 U.S.C. §362(d), alleging that appellant failed to make monthly post-petition mortgage payments to it. The Bankruptcy Court scheduled a hearing on intervenor's stay motion for March 28, 2019.

The hearing on appellee's motion to dismiss was held before the Bankruptcy Court on March 5, 2019. Appellant failed to attend the hearing. The motion was granted, and appellant's Chapter 13 Bankruptcy Case was dismissed. As such, intervenor's motion for relief from the automatic stay was moot.

On March 14, 2019, appellant filed a motion to reinstate his Chapter 13 case.

On June 11, 2019, the Bankruptcy Court held a hearing on appellant's reinstatement motion and then issued an Order denying the motion.

On June 21, 2019, appellant filed his instant notice of appeal with this court appealing the Bankruptcy Court's Orders dismissing his Chapter 13

Case and denying his motion to reinstate his case. (Doc. 1).

On July 29, 2019, intervenor filed its motion to intervene in this case, (Doc. 5), and its brief in support, (Doc. 6).

To date, neither appellant nor appellee filed a brief in opposition to intervenor's motion and the time within which to do so has expired. As such, both parties are deemed as not opposing intervenor's motion. *See* Local rule 7.6, M.D.Pa. Further, intervenor indicates that appellee concurred in its motion.

## II.  DISCUSSION[1]

This court has appellate jurisdiction over the Bankruptcy Court's March 5, 2019 and June 11, 2019 Orders pursuant to 28 U.S.C. §158(a)(1) (The district court has "jurisdiction to hear appeals from final judgments, orders, and decrees" of a bankruptcy court). *See* In re Michael, 699 F.3d 305, 308 n.2 (3d Cir. 2012) ("[A] district court sits as an appellate court to review a bankruptcy court.").

The intervenor claims that it is entitled to intervention in the instant action as a matter of right or, in the alternative, permissive intervention, pursuant to Rule 24 of the Federal Rules of Civil Procedure. Specifically,

---

[1]Even though intervenor's motion is not opposed, the court finds that it should still discuss the requisite elements to determine if intervenor can intervene as of right under Fed.R.Civ.P. 24(b).

intervenor seeks intervention because it wants to voice its opposition to the reinstatement of appellant's Chapter 13 Bankruptcy Case. Intervenor contends that if appellant's Chapter13 Case is reinstated, this would adversely impact its property and contractual rights in appellant's real property since it is a secured creditor with a foreclosure judgment and it would again be subjected to the automatic stay if this case was reinstated thus hindering its ability to enforce its rights against appellant regarding his default on his mortgage payments and its rights to sell the property.[2]

Fed.R.Civ.P. 24(a)(2) provides, "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed.R.Civ.P. 24(a)(2).

In the absence of a federal statute which confers a right to intervene, and there is no such statute in this case, Rule 24 authorizes a party to intervene as of right if the movant can establish: (1) a timely application for leave to intervene has been filed; (2) a sufficient interest in the underlying

---

[2]Intervenor indicates that it obtained a mortgage foreclosure judgment against appellant in March 2012 in the Schuylkill County Court. Intervenor notes that appellant then filed three bankruptcy cases, including the one at issue herein.

4

litigation; (3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and (4) that the existing parties to the action do not adequately represent the prospective intervenor's interests. Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 220 (3d Cir. 2005) (citation omitted). The movant's failure to establish any factor is fatal. *Id.* See *also* U.S. v. Territory of Virgin Islands, 748 F.3d 514, 1011 (3d Cir. 2014) ("Although these requirements are intertwined, each must be met to intervene as of right.") (citations omitted). Further, "[i]ntervention as a matter of right presents a situation where '[t]he facts assume overwhelming importance in [the] decision.'" *Id*. (citation omitted).

As discussed below, the court finds that intervenor clearly satisfies all of the requirements to intervene as of right under Rule 24(a)(2) in this case.[3]

The Third Circuit has held that timeliness of a motion to intervene "is determined by the totality of the circumstances" which requires analysis of the following three factors: "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." In re Cmty. Bank of N. Virginia, 418 F.3d at 314.

No doubt given the fact that intervenor filed its motion about five weeks after appellant's notice of appeal and given the early stage of this case,

---

[3]Since the court finds that intervenor can intervene as of right under Rule 24(a)(2), it does not address intervenor's alternative request for permissive intervention, pursuant to Fed.R.Civ.P. 24(b).

5

intervenor's motion is timely. In fact, appellant has not yet filed his brief in support of his appeal.

Next, intervenor satisfies the sufficiency of interest element since it has a cognizable legal interest as a secured creditor and first lien holder with a mortgage foreclosure judgment entered in its favor relating to appellant's real property, which is the subject of this action, that is "significantly protectable." *See* Harris v. Pernsley, 820 F.2d 592, 601 (3d Cir. 1987), *cert. denied*, 484 U.S. 947 (1987); Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d at 220-21. Intervenor has also shown that there is a "tangible threat to [its] legally cognizable interest" in this case if appellant's Chapter 13 Case is reinstated. *See id.* As intervenor explains, it obtained a mortgage foreclosure judgment against appellant and his real property in March 2012 and it has not been able to effectuate a sale of the property due to the bankruptcy filings of appellant and the automatic stays which were imposed for the past 7 years. Thus, as intervenor states, "the ability to intervene in the present action will grant [it] the means to defend its mortgage lien against the [real property] of appellant as established under Pennsylvania property and contract law."

"Once an applicant for intervention has established that [it] possesses a sufficient legal interest in the underlying dispute, the applicant must also show that this claim is in jeopardy in the lawsuit." Brody By and Through Sugzdinis v. Spang, 957 F.2d 1108, 1122 (3d Cir. 1992). "Under this element of the test, [intervenor] must demonstrate that [its] legal interests 'may be

6

affected or impaired, as a practical matter by the disposition of the action.'" *Id.* (citation omitted). "In making this determination, [the court] [is] required to assess 'the practical consequences of the litigation,' and 'may consider any significant legal effect on the applicant's interest.'" *Id*. (citation omitted). Further, "[i]t is not sufficient that the claim be incidentally affected; rather, there must be 'a tangible threat' to the applicant's legal interest. *Id*. at 1123 (citation omitted).

Based on the above discussion, the court finds that intervenor has a legal interest in this case, that there is a tangible threat to its legal interest, and that intervenor's interest will be prejudiced by an adverse disposition of this case, i.e., if this court granted appellant's appeal and reversed the decision of the Bankruptcy Court and reinstated his Bankruptcy Case. Indeed, over 7 years after intervenor obtained its mortgage foreclosure judgment against appellant and his real property intervenor still has not been able to enforce the rights it has to the property.

Turning to the final factor of the Rule 24 analysis, intervenor must demonstrate "that [its] interest is not adequately represented by the existing parties. Brody, 957 F.2d at 1123. Inadequate representation can be based upon the following: "(1) that although the applicant's interests are similar to those of a party, they diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests; (2) that there is collusion between the representative party and the opposing party; or (3) that the representative

7

party is not diligently prosecuting the suit." *Id.*

Intervenor's interests, as detailed above, are separate and distinct from appellant's and appellee's, the Chapter 13 Trustee, whose duty was to administer appellant's Chapter 13 Case and to make sure appellant adhered to the provisions of the Bankruptcy Code. As such, appellee's interest is different than intervenor's interests in the real property, despite the fact that the property was part of the Bankruptcy Estate, and different than in intervenor's objective to execute on its mortgage foreclosure judgment and to sell appellant's real property through a Sheriff's Sale in order to satisfy its judgment. Thus, the court finds that intervenor's interests in the real property are not adequately represented by the existing parties.

## III. CONCLUSION

For the foregoing reasons, intervenor's motion to intervene, (Doc. 5), will be **GRANTED**. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: August 29, 2019**

19-1057-01.wpd