# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD KUFROVICH, : | CIVIL ACTION NO. 3:19-1057 |
| : | |
| Appellant : | (JUDGE MANNION) |
| : | |
| v. : | |
| : | |
| CHARLES J. DEHART, III, : | |
| : | |
| Appellee : | |
| : | |
| v. : | |
| : | |
| GOSHEN MORTGAGE LLC : | |
| as Separate Trustee for GBDT : | |
| I Trust 2011-1, : | |
| : | |
| Intervenor-Appellee | |

## MEMORANDUM

Pending before the court is the appeal filed by *pro se* appellant Gerald Kufrovich ("appellant"), in which he challenges the June 11, 2019 Order of the Bankruptcy Court denying his motion to reinstate his Chapter 13 bankruptcy case after it was previously dismissed.[1] Named as appellee is Charles J. DeHart, III, the Chapter 13 Bankruptcy Trustee. The court has previously allowed Goshen Mortgage LLC as Separate Trustee for GBDT I Trust 2011-1 ("Intervenor") to intervene in this case pursuant to Fed.R.Civ.P. 24. For the reasons that follow, the Order of the Bankruptcy Court will be **AFFIRMED**

---

[1]Appellant's Chapter 13 bankruptcy case, filed pursuant to 11 U.S.C. §1301, was docketed under case number 5-18-bk-03317-RNO. His case was assigned to Bankruptcy Judge Robert N. Opel, II.

and, appellant's appeal, (Doc. 1), will be **DENIED**.

I.  **BACKGROUND**[2]

On August 7, 2018, appellant filed, *pro se*, a voluntary Petition under Chapter 13 of the Bankruptcy Code which was docketed to case number 5-18-bk-03317, M.D.Pa.[3]

Charles J. DeHart, III, ("appellee"), was named the Chapter 13 Standing Trustee in appellant's case.

Intervenor holds the first mortgage lien on appellant's real property located at 31 Hilltop Road, Barnesville, Pennsylvania.[4] On November 30,

---

[2]The court obtained a copy of the docket for Appellant's Chapter 13 bankruptcy case, case number 5-18-bk-03317-RNO. The court takes judicial notice of this docket since it is an official court document.

[3]Appellant's August 7, 2018 Chapter 13 bankruptcy case was his third bankruptcy filing. His prior two filings were docketed to case numbers 5:15-bk-05293-JJT and 5:16-bk-01535-JJT, M.D.Pa. At the June 11, 2019 hearing, the Bankruptcy Court indicated that appellant's two prior cases were dismissed for failure to file required documents and for failure to make plan payments. (Doc. 15).

[4]Intervenor states in its opposition brief to appellant's appeal, (Doc. 13 at 7), that it obtained a mortgage foreclosure judgment in Schuylkill County Court against appellant due to his default on the mortgage and promissory note encumbering his real property. At the June 11, 2019 Bankruptcy Court hearing, intervenor indicated to the court that the mortgage foreclosure judgment in Schuylkill County Court was entered on June 22, 2017, and that the a sheriff's sale of appellant's real property was scheduled for December 12, 2018, but it was stayed due to appellant's Chapter 13 Bankruptcy Petition.

2

2018, intervenor filed an objection to the confirmation of appellant's proposed Chapter 13 plan.

On February 7, 2019, appellee filed a motion to dismiss appellant's Chapter 13 Case for material default due to appellant's failure to make Chapter 13 Plan Payments towards his Reorganization Plan as required. (Doc. 65, 5-18-bk-03317). A hearing on the Doc. 65 motion to dismiss was then scheduled for March 5, 2019. On the same day that the Doc. 65 motion was filed, the docket indicates that a second motion to dismiss was inadvertently filed by appellee and a hearing was also scheduled on this motion for March 5, 2019. (Doc. 66, 5-18-bk-03317). However, when appellee later realized on February 7, 2019 that his Doc. 66 motion to dismiss was a duplicate of his Doc. 65 motion, he withdrew the Doc. 66 motion. (Doc. 67, 5-18-bk-03317). The Bankruptcy Court Case Administrator then terminated the Doc. 66 motion to dismiss and the duplicate March 5, 2019 hearing schedule on the Doc. 66 motion was cancelled. (Doc. 68, 5-18-bk-03317).

Thus, appellee's Doc. 65 motion to dismiss was not withdrawn. Nor was the March 5, 2019 hearing scheduled on the Doc. 65 motion cancelled. The docket also indicates that notice of appellee's Doc. 65 motion to dismiss and March 5, 2019 hearing were served on debtor. (Doc. 65, 5-18-bk-03317).

On February 15, 2019, intervenor filed a motion for relief from the

3

automatic stay pursuant to 11 U.S.C. §362(d), alleging that appellant failed to make monthly post-petition mortgage payments to it. Intervenor sought relief from the stay in order to have the sheriff's sale of appellant real property re-scheduled. The Bankruptcy Court scheduled a hearing on intervenor's relief from stay motion for March 28, 2019.

A hearing on appellee's Doc. 65 motion to dismiss was held before the Bankruptcy Court on March 5, 2019. Despite the notice appellee sent to appellant, appellant did not attend the hearing. The Bankruptcy Court then issued an Order on March 5, 2019 granting appellee's Doc. 65 motion to dismiss, and appellant's Chapter 13 bankruptcy case was dismissed for material default, namely appellant had failed to make any payments to appellee pursuant to appellant's own Bankruptcy plan. As such, intervenor's motion for relief from the automatic stay was deemed moot since the case was dismissed. (Docs. 77, 78 & 79, 5-18-bk-03317).

On March 14, 2019, appellant filed a motion to reinstate his Chapter 13 case. On May 2, 2019, intervenor filed an opposition to appellant's motion to reinstate his bankruptcy case. On June 11, 2019, the Bankruptcy Court held a hearing on appellant's reinstatement motion. Appellant was present at the hearing. Counsel for intervenor participated in the hearing by telephone. Appellee was also present at the hearing. The Bankruptcy Court construed

4

appellant's motion to reinstate his case as a motion for reconsideration under Fed.R.Civ.P. 59 regarding the Court's March 5, 2019 Order granting appellee's Doc. 65 motion to dismiss and dismissing the case. (Doc. 15, Civil No. 19-1057). After the hearing, the Bankruptcy Court stated its findings and conclusions on the record and, then issued an Order denying appellant's motion to reinstate his case. (Docs. 92 & 93, 5-18-bk-03317), (Doc. 1-1, Civil No. 19-1057).

On June 21, 2019, appellant timely filed his instant *pro se* notice of appeal with this court appealing the Bankruptcy Court's June 11, 2019 Order denying his motion to reinstate his Chapter 13 case. (Doc. 1).[5]

On June 24, 2019, this court issued a Scheduling Order pursuant to Rule 8001 of the Rules of Bankruptcy Procedure setting the dates for appellant to file a designation of the items to be included in the record on appeal and a statement of the issues to be presented on appeal, as well as setting the dates briefs were due by the parties. (Doc. 2). Appellant's designation of the items to be included in the record on appeal and his statement of the issues to be presented were due 14 days after he filed his notice of appeal, i.e., by July 5, 2019.

On July 5, 2019, appellant filed his purported 2-sentence designation

---

[5] Unless otherwise indicted, the document numbers below refer to appellant's instant appeal filed with this court, Civil No. 19-1057.

of the items to be included in the record on appeal and his statement of the issues to be presented on appeal, but they were not in conformance with [Federal Rule of Bankruptcy Procedure 8009](). (Doc. 7). Nonetheless, since appellant is proceeding *pro se*, the court construes the issue in appellant's appeal to be whether the Bankruptcy Court erred in denying appellant's motion to reinstate his Bankruptcy case. Also, since appellant did not submit items to be included in the record on appeal, the court obtained a copy of the transcript from the Bankruptcy Court's June 11, 2019 hearing and it has filed the transcript of record in this case. (Doc. 15).

On July 29, 2019, intervenor filed its motion to intervene in this case, (Doc. 5), and its brief in support, (Doc. 6).

On August 29, 2019, the court granted intervenor's unopposed motion to intervene. (Docs. 10 & 11).

After being granted two extensions of time, appellant filed his brief in support of his appeal, pursuant to Federal Rule of Bankruptcy Procedure 8018(a)(1), on September 13, 2019. (Doc. 12). Intervenor filed its brief in opposition to appellant's appeal on October 14, 2019. (Doc. 13). To date, appellee did not file a brief in response to appellant's appeal.

## II. DISCUSSION

This court has appellate jurisdiction over the appellant's appeal of the Bankruptcy Court's June 11, 2019 Order pursuant to 28 U.S.C. §158(a)(1) (The district court has "jurisdiction to hear appeals from final judgments, orders, and decrees" of a bankruptcy court). See In re Michael, 699 F.3d 305, 308 n. 2 (3d Cir. 2012) ("[A] district court sits as an appellate court to review a bankruptcy court."). When a district court sits as an appellate court over a final order of a bankruptcy court, it reviews the bankruptcy court's legal determinations *de novo*, its findings of fact for clear error, and its exercise of discretion for abuse of discretion. In re Trans World Airlines, Inc., 145 F.3d 124, 131 (3d Cir. 1998). See also In re Zinchiak, 406 F.3d 214, 221-22 (3d Cir. 2005) (Third Circuit held that the district court reviews "the Bankruptcy Court's findings of fact for clear error and exercises plenary review over the Bankruptcy Court's legal determinations.").

The court in Forever Green Athletic Fields, Inc. v. Dawson, 514 B.R. 768, 778 (E.D.Pa. 2014), discussed the legal standard regarding appeals of bankruptcy court orders and stated:

> Federal Rule of Bankruptcy Procedure 8013 provides that a reviewing court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr.P. 8013. In our review, we are governed by traditional standards of appellate review and accordingly review a bankruptcy court's legal determinations *de*

*novo*, independent of that court and without deference to its analysis and conclusions of law. *See* American Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999); *see also* Fed. R. Bankr. P. 8013. We review its factual findings, whether based on oral or documentary evidence, for clear error, and its exercise of discretion for abuse thereof. In re Trans World Airlines, Inc., 145 F.3d 124, 130–31 (3d Cir. 1998). Mixed questions of fact and law must be broken down and reviewed under the applicable standard. *See* In re Montgomery Ward Holding Corp., 326 F.3d 383, 387 (3d Cir. 2003). We review a bankruptcy court's dismissal of a bankruptcy case as a bad faith filing for abuse of discretion. In re SGL Carbon Corp., 200 F.3d 154, 159 (3d Cir. 1999).

Additionally, "[a] factual finding is clearly erroneous if the district court is firmly convinced, based on all of the evidence, that the bankruptcy court made a mistake." Id. (citation omitted). The district court "may not engage in independent factfinding." Id. (citation omitted).

In his brief, appellant claims that he had no knowledge of the bankruptcy court's March 5, 2019 hearing regarding appellee DeHart's motion to dismiss his Chapter 13 case, which motion appellant thought was withdrawn and terminated on February 7, 2019, the same day that it was filed. Appellant states that the Bankruptcy Court then issued an Order on March 5, 2019, despite his absence, and granted the motion to dismiss and dismissed his case.

Appellant states that his motion to reinstate his bankruptcy case was denied on June 11, 2019, after the Bankruptcy Court held a hearing, which he

8

attended, and he now seeks this court to reverse the Bankruptcy Court's Order and reinstate his Chapter 13 case.

Appellant's instant appeal seems to hinge entirely on his claim that he thought appellee DeHart's motion to dismiss was withdrawn and terminated, and on his mistaken belief that there was not any such motion that was pending before the Bankruptcy Court that it could have granted on March 5, 2019, when the court dismissed his Chapter 13 case. Significantly, appellant does not contest the underlying basis upon which the Bankruptcy Court issued its March 5, 2019 Order granting the appellee's motion to dismiss his Chapter 13 case, namely, that he failed to comply with the requirements of his Chapter 13 case by not making any plan payments to the appellee, as Trustee, to fund his plan of reorganization, which included his failure to make post-petition payments to the intervenor.

As explained above, the docket clearly reflected that appellee's Doc. 65 motion to dismiss was never withdrawn and the March 5, 2019 hearing scheduled on this motion was never cancelled. Also, despite appellant's representation, the docket reveals that he was served with appellee's Doc. 65 motion and notice of the March 5, 2019 hearing. (Doc. 65, 5-18-bk-03317). Appellant's alleged confusion over the Doc. 65 motion to dismiss and the Doc. 66 motion to dismiss, which was withdrawn as duplicative, and his misunderstanding as to the status of the Doc. 65 motion is not a basis to

9

reverse the Bankruptcy Court June 11, 2019 Order denying appellant's motion to reinstate his case.

At the June 11, 2019 hearing, the Bankruptcy Court properly considered appellant's motion to reinstate his Chapter 13 case as a motion for reconsideration under Fed.R.Civ.P. 59(e)[6] requesting the Court to essentially reconsider or vacate its March 5, 2019 Order granting the appellee's motion to dismiss his Chapter 13 case.

Initially, the Bankruptcy Court found that appellant's motion was timely filed. Next, the Bankruptcy Court considered whether appellant had any grounds which would support its reconsideration, under Rule 59(e), of its March 5, 2019 Dismissal Order.[7]

Rule 59(e) provides the procedural mechanism for altering or amending a judgment that has been entered. It may be used to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. Schumann v. Astrazeneca Pharmaceuticals, L.P., 769 F.3d 837, 848 (3d Cir. 2014)

---

[6]Rule 59(e) is made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9023.

[7]To the extent that appellant attempted to challenge the validity of intervenor's mortgage and note encumbering his house, the Bankruptcy Court explained to appellant that the reason why his Chapter 13 case was dismissed was due to his failure to make plan payments to the Trustee and it did not involve intervenor's lien or judgment on his house.

10

(citing Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999)); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010); Max's Seafood Café, 176 F.3d at 677 (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). However, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus. Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Reconsideration is generally appropriate in instances where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning, but of apprehension." York Int'l Corp. v. Liberty Mut. Ins. Co., 140 F. Supp. 3d 357, 360–61 (3d Cir. 2015) (quoting Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995)). It may not be used as a means to reargue unsuccessful theories that were presented to the court in the context of the matter previously decided "or as an attempt to relitigate a

11

point of disagreement between the [c]ourt and the litigant." Id. at 361 (quoting Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)). Thus, "a motion for reconsideration may not be used to give a litigant a 'second bite at the apple,' and therefore should not be 'grounded on a request that a court rethink a decision already made.'" Jarzyna v. Home Properties, L.P., 185 F.Supp.3d 612, 622 (E.D.Pa. 2016) (internal citations omitted). As such, "a motion for reconsideration may address 'only factual and legal matters that the Court may have overlooked' and may not 'ask the Court to rethink what it had already thought through—rightly or wrongly.'" Id. (citations omitted). Further, "[m]ere 'disagreement with the Court's decision' does not suffice." Rich v. State, 294 F.Supp.3d 266, 273 (D.N.J. 2018) (citation omitted). "The movant bears a high burden to demonstrate that grounds exist justifying this extraordinary remedy [under Rule 59(e)]." In re Marinari, 596 B.R. 809, 818 (Bankr. E.D.Pa. 2019) (citation omitted).

As the intervenor summarizes in its brief, (Doc. 13 at 12), the Bankruptcy Court based its June 11, 2019 decision to deny appellant's motion to reinstate his case on the following:

> the [Bankruptcy] court indicated that Appellant's Bankruptcy Proceedings were dismissed for Appellant's failure to tender Chapter 13 Standing Trustee payments throughout the pendency of the Bankruptcy Proceedings, and therefore, the issue of Intervenor's standing was not at issue in terms of revisiting the dismissal of his case. As to the issue of "confusion [regarding appellant's belief that Trustee DeHart's motion to dismiss was

12

withdrawn]," the [Bankruptcy] court determined that this was Appellant's third *pro se* Bankruptcy Proceeding and that a review of the docket would not be confusing to a "person of [ordinary] intelligence." The [Bankruptcy] court acknowledged that one of the alleged confusing Notices cited by the Appellant related to a separate Motion for Relief, scheduled for a different date, apart from the Motion for Dismissal, and therefore, was irrelevant to Appellant's contentions. Finally, in regard to Appellant's issue surrounding a lack of proper mail service in his community, the [Bankruptcy] court again pointed to Appellant's history of Bankruptcy Proceedings and that a *pro se* litigant, with alleged known issues surrounding mail deliver, should have been proactive to ensure that all Notices were being properly delivered to his residence (e.g. obtaining a P.O. Box).

(See Doc. 15).

The court finds that appellant has failed to establish any basis to reverse the Bankruptcy Court's June 11, 2019 Order denying his motion for reconsideration of its March 5, 2019 Dismissal Order, under Rule 59(e). There were no manifest errors of law or fact for the Bankruptcy Court to correct in its Dismissal Order, and appellant did not present any newly discovered evidence. See Fountain v. Vaughn, 679 Fed.Appx. 117, 119 (3d Cir. 2017) ("The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'") (citation omitted). In fact, as mentioned, appellant did not contest the grounds for appellee's motion to dismiss, i.e., his failure to make any plan payments to the Chapter 13 Trustee as required. Nor did appellant claim that there was any intervening changes in controlling law. Further, appellant did not show that the dismissal of his case caused any manifest injustice. In fact, any injustice if appellant's Chapter 13 case was reinstated would have been to his creditors, such as

13

intervenor, who were not receiving any payments during the pendency of his case. Appellant "has also failed to demonstrate that the [March 5, 2019] Dismissal Order is void, was secured by fraud, or resulted from neglect, mistake, inadvertence, or surprise." In re Marinari, 596 B.R. at 818. "Finally, [appellant] has not shown that he would suffer extreme, unexpected hardship if the [Dismissal Order] were upheld." Id. In fact, intervenor had a motion for relief from stay pending and a hearing date at the time the Bankruptcy Court issued its March 5, 2019 Order dismissing appellant's case, and if the case was not dismissed intervenor's motion would have been decided.

Here, there were no "clearly erroneous" factual findings by the Bankruptcy Court during the June 11, 2019 hearing, i.e., a factual finding that leaves this court "with a definite and firm conviction that a mistake has been committed." In re W.R. Grace & Co., 729 F.3d 311, 319, n. 14 (3d Cir. 2011). Also, upon *de novo* review, the court finds no errors with the Bankruptcy Court's legal conclusions made during the June 11, 2019 hearing based on the stated standards applicable to a Rule 59(e) motion.

Additionally, the controlling law which requires a Chapter 13 debtor, such as appellant who is an individual with regular income seeking an adjustment of his debts, to make plan payments to the Trustee had not changed. Under Sections 1322 and 1326 of the Bankruptcy Code, 11 U.S.C., a debtor must make plan payments to the Chapter 13 Trustee to repay debts owed by the debtor to certain creditors, such as intervenor, in order to receive

the benefits and protection of Chapter 13 Bankruptcy. No doubt that the Chapter 13 Trustee is authorized to file a motion to dismiss the Chapter 13 case for material default, including the debtor's failure to make plan payments. 11 U.S.C. §1307. See In re Merovich, 547 B.R. 643 (Bankr. M.D.Pa. 2016). Since appellant was not complying with the requirements of the Bankruptcy Code, appellee filed his motion to dismiss appellant's case and the Bankruptcy Court properly granted the motion on March 5, 2019. As such, there was no basis in law or fact for the Bankruptcy Court to grant appellant's motion to reinstate his Bankruptcy case.

Therefore, the Bankruptcy Court correctly found that appellant failed to meet his burden to show that his motion to reinstate, treated as a Rule 59(e) motion for reconsideration, should have been granted and, the Bankruptcy Court properly denied his motion.

## III. CONCLUSION

For the foregoing reasons, the court will **AFFIRM** the Bankruptcy Court's Order dated June 11, 2019. Appellant's appeal, (Doc. 1), will be **DENIED**. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: November 5, 2019**

19-1057-02.wpd

15